**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>              **Plaintiff,**<br><br>vs.<br><br>**BRODERICK STEVEN JOHNSON,**<br>              **Defendant.** | **CASE NO: 4:21-CR-126-SDJ-KPJ** |

**ORDER OF DETENTION PENDING TRIAL**

**Part I – Eligibility for Detention**

Upon the

☒ Motion of the Government pursuant to 18 U.S.C. § 3142(f)(1), or

☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This Order sets forth the Court's finding of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

**Part II – Findings of Fact and Law as to Presumptions under § 3142(e)**

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** (*previous violator*): There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; or

    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; or

    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); or

    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or

1

☐ **(e)** any felony that is not otherwise a crime of violence but involves: (i) a minor victim; (ii) the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); (iii) any other dangerous weapon; or (iv) a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; and

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** (*narcotics, firearm, other offenses*): There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**:

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis.

OR

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

**Part III – Analysis and Statement of the Reasons for Detention**

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven by:

☒ clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

Defendant is charged in an Indictment with a violation of 21 U.S.C. § 846 (Conspiracy to Possess with the Intent to Distribute Marijuana). The United States moved to detain.

The Court held a detention hearing on June 1, 2021. The Government was represented by Assistant United States Attorney Heather Rattan, and Defendant was represented by Michael Levine. The Court finds Defendant should be detained.

Special Agent Bob Powell ("Agent Powell") of the Texas Department of Public Safety ("DPS") testified regarding the details of the alleged offense and the investigation leading to Defendant's arrest. Agent Powell testified that he collaborated with the United States Postal Service ("USPS"), Drug Enforcement Agency ("DEA"), and other law enforcement agencies to investigate Defendant. Over the course of the 1.5-year investigation, Agent Powell, USPS, DEA, and the other collaborating agencies gathered and reviewed the following evidence: cell phone messages, fingerprint reports, travel records, financial records, shipment records, video surveillance, trash runs, GPS tracking data, and physical packages.

Agent Powell testified the investigation revealed Defendant's participation in a well-organized drug trafficking organization ("DTO"). Agent Powell's investigation uncovered that Defendant's wife and co-Defendant, Brandy Fisher ("Ms. Fisher"), is "the CEO" of the DTO, and Defendant acts as Ms. Fisher's "right-hand man." Agent Powell testified Defendant, who currently resides in Texas, assisted Ms. Fisher in the following scheme: Ms. Fisher frequently traveled with a co-conspirator to the San Francisco Bay Area, California (the "Bay Area") to purchase marijuana. Ms. Fisher and the co-conspirator then shipped the marijuana through USPS, sending the packages to locations across the Dallas-Fort Worth ("DFW") metroplex. The packages arrived at numerous locations and were addressed to other co-conspirators. The co-conspirators retrieved the packages and, based on the price set by Defendant, sold the marijuana throughout the DFW metroplex. Agent Powell testified the packages often weighed between three to five pounds and listed false return addresses. At times, the false return addresses resembled a legitimate address; however, the building number or zip code was altered by a few digits to prevent an individual from inadvertently receiving the marijuana. Additionally, some packages were wrapped in Teflon or carbon paper to further conceal their contents.

Agent Powell testified that, thus far, the investigation has revealed Defendant and his co-conspirators have trafficked at least 2,000 pounds of marijuana from the Bay Area to the DFW metroplex. Agent Powell further testified the cash proceeds derived from this scheme were laundered through a house-flipping business. That is, after Defendant and Ms. Fisher obtained cash from selling the marijuana, they used that money to purchase homes, remodel the homes, and sell the homes for a profit to conceal the origins of the illegal proceeds.

Agent Powell testified that during the execution of a search warrant on Defendant's apartment, law enforcement found approximately ten pounds of marijuana and multiple firearms, one being a firearm that can shoot a high-powered shell such that it can penetrate a Kevlar vest.

Agent Powell also testified that his investigation revealed Defendant may be engaged in "PPP fraud" or "COVID fraud." Agent Powell's testimony refers to the Small Business Administration's Paycheck Protection Program ("PPP"), whereby businesses can obtain government assistance to keep their workforce employed during the current COVID-19 pandemic.

Finally, Agent Powell testified that his investigation uncovered a concerning text message purportedly authored by Defendant. In the text message, Defendant allegedly discussed an individual who owes Defendant

money. Upset over this unpaid sum, Defendant stated his intention to confront the individual and "wipe his nose." Agent Powell interprets this phrase to mean Defendant either intends to cause great harm to the individual, if not kill this person.

Elouise Johnson ("Ms. Johnson") and Leona Rennels ("Ms. Rennels") testified as possible third-party custodians. Ms. Johnson, Defendant's mother, testified that she was willing to house Defendant and could make sure Defendant would not make contact with his two children, if necessary. Ms. Johnson testified she currently does not work, as she is fully disabled and receives disability benefits.

Ms. Rennels, Defendant's aunt and Ms. Johnson's sister, testified she has known Defendant all his life. Ms. Rennels stated she could house Defendant.

The Court finds Ms. Johnson and Ms. Rennels' testimony to be credible. However, the Court finds Defendant has not rebutted the presumption that there are conditions or a combination of conditions that will reasonably assure the safety of any other person and the community. A proper third-party custodian should not only provide the defendant housing and adequate supervision, but also have a relationship in which the custodian can assert sufficient authority over the defendant, so as to ensure the defendant complies with his conditions of release. Based on the testimony, the Court is not convinced that Ms. Johnson or Ms. Rennels have the necessary relationship with Defendant to reasonably assure Defendant is not a danger to the community. Accordingly, the United States' Motion for detention is **GRANTED**, and Defendant shall be detained pending trial.

In addition to any findings above or other findings made on the record at the hearing, the reasons for detention include the following:

- ☒ Weight of evidence against the defendant is strong
- ☒ Subject to lengthy period of incarceration if convicted
- ☒ Prior criminal history
- ☐ Participation in criminal activity while on probation, parole, or supervision
- ☐ History of violence or use of weapons
- ☐ History of alcohol or substance abuse
- ☐ Lack of stable employment
- ☐ Lack of stable residence
- ☐ Lack of financially responsible sureties
- ☐ Lack of significant community or family ties to this district
- ☐ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration

☐ Prior failure to appear in court as ordered

☐ Prior attempt(s) to evade law enforcement

☐ Use of alias(es) or false documents

☐ Background information unknown or unverified

☐ Prior violations of probation, parole, or supervised release

## Part III - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**So ORDERED and SIGNED this 7th day of June, 2021.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE